IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY AUGUSTIN, #A0163220, ) | CIVIL NO. 09-00316 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING *IN FORMA* |
| vs. ) | *PAUPERIS* APPLICATION AND |
| ) | DENYING MOTION FOR APPOINTMENT |
| DEPARTMENT OF PUBLIC SAFETY, ) | OF COUNSEL |
| HALAWA CORRECTIONAL FACILITY ) | |
| MEDICAL UNIT, JOHN AND JANE ) | |
| DOES (1-100), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING *IN FORMA PAUPERIS* APPLICATION AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Jeffrey Augustin, proceeding pro se, filed this prisoner civil rights action on July 13, 2009. Plaintiff also submitted an *in forma pauperis* application and a motion for appointment of counsel.

Plaintiff's *in forma pauperis* application is not on the court's "Application to Proceed In Forma Pauperis by a Prisoner" form. While Plaintiff's application contains the prison's signed certification attesting to the amount in Plaintiff's prison trust account, and it appears that Plaintiff is indigent, it does not include Plaintiff's signed consent authorizing the prison to deduct money from Plaintiff's prison trust account, nor does it contain a copy of Plaintiff's prison trust account statement for the previous six months.[1]  *See* 28 U.S.C. § 1915(b)(2).

---

[1] It is possible that Plaintiff has not been incarcerated for the past six months, making it impossible for the prison to certify

Plaintiff's request is therefore incomplete, as it does not comply with the requirements of § 1915.  Plaintiff's *in forma pauperis* application is DENIED.

Parties filing actions in the United States District Court are required to pay filing fees.  28 U.S.C. § 1914(a).  An action may proceed without the immediate payment of a filing fee only upon granting of *in forma pauperis* status.  *See* 28 U.S.C. § 1915.  Moreover, prisoners are required to pay the full filing fee regardless of indigency, albeit in installment payments.  *See* 28 U.S.C. § 1915(b)(1).  Plaintiff must submit a fully-completed application on the court's "Application to Proceed In Forma Pauperis by a Prisoner" form, including his signed consent for withdrawal of fees, a certified statement of the balances and six-month average deposits to his prison trust account signed by prison authorities, and a copy of the previous six months' activity and balance in his prison trust account, or pay the $350.00 statutory filing fee **within 30 days, including weekends and holidays, of the date of this Order.**  Failure to do so will result in dismissal of this action without prejudice for failure to prosecute.  *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without

---

the amounts credited to his prison account for the past six months. If this is true, a statement from prison authorities to that effect is sufficient.  Nonetheless, Plaintiff must still submit a signed agreement allowing the prison to deduct money from his account when it becomes available, to satisfy his filing fee obligation to the federal court.

prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

Because the court has not yet screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a), and Plaintiff has not yet been granted *in forma pauperis* status, Plaintiff's Motion for Appointment of Counsel is premature.  Moreover, a brief review of the Complaint does not reveal the exceptional circumstances required to warrant the appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The court DENIES Plaintiff's Motion for Appointment of Counsel, without prejudice to refiling after *in forma pauperis* has been granted, the Complaint has been screened and determined to state a claim, and service has been directed on Defendants.

## CONCLUSION

IT IS ORDERED:

1. Plaintiff's request for leave to proceed *in forma pauperis* is DENIED.  Plaintiff is ORDERED to file a fully-completed *in forma pauperis* application, on the form provided by the court, **within thirty (30) days** of the date of filing this Order.  Failure to do so will result in AUTOMATIC DISMISSAL of this action without prejudice for Plaintiff's failure to prosecute.

    2.   Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

    3.   The Clerk is **DIRECTED** to send Plaintiff a copy of the court's "Application to Proceed In Forma Pauperis by a Prisoner" form and instructions so that he may comply with this order.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, July 16, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Augustin v. Dept' of Public Safety, et al.; Civ.No. 09-00316 ACK-BMK; ORDER DENYING *IN FORMA PAUPERIS* APPLICATION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL; pro se attys\IFP 09\dmp\Augustin 09-316 ACK (dny incom & dny apptcoun)