IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY AUGUSTIN, #A0163220, )<br>)<br>      Plaintiff,    )<br>)<br>    vs.               )<br>)<br>DEPARTMENT OF PUBLIC SAFETY,)<br>HALAWA CORRECTIONAL FACILITY )<br>MEDICAL UNIT, JOHN AND JANE )<br>DOES (1-100),            )<br>)<br>      Defendants.   )<br>_____) | CIVIL NO. 09-00316 ACK-BMK<br><br>ORDER DISMISSING DEFENDANTS<br>DEPARTMENT OF PUBLIC SAFETY<br>AND HALAWA CORRECTIONAL<br>FACILITY MEDICAL UNIT AND<br>REQUIRING PLAINTIFF TO NAME A<br>DOE DEFENDANT |

**ORDER DISMISSING DEFENDANTS DEPARTMENT OF PUBLIC SAFETY AND HALAWA CORRECTIONAL FACILITY MEDICAL UNIT AND REQUIRING PLAINTIFF TO NAME A DOE DEFENDANT**316

On July 13, 2009, pro se plaintiff Jeffrey Augustin, a Hawaii state prisoner incarcerated at the Halawa Correctional Facility, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, an *in forma pauperis* ("IFP") application, and a motion for appointment of counsel. (Doc. #1, #2, #3.) On July 30, 2009, the court granted Augustin's IFP application. (Doc. #9.) The court has now screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), and DISMISSES Defendants the Hawaii Department of Public Safety and the Halawa Correctional Facility Medical Unit. As discussed below, Augustin is granted the right to conduct early discovery so that he can identify at least one Doe Defendant, so that the Complaint can be served.

## I. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

## II. Background

Augustin names as defendants to this action the Hawaii Department of Public Safety ("DPS"), the Halawa Correctional Facility ("HCF") Medical Unit, and John and Jane Does 1-100, who are unknown DPS employees. Augustin presents

three claims.  First, Augustin alleges that DPS was negligent on December 23, 2008, by failing to prevent Augustin's "slip and fall" accident.  (Comp. 5, Count I.)  Augustin alleges that, because DPS failed to place a rubber mat outside of the prison shower, he slipped, fell, and injured himself.

Second, Augustin claims that unknown HCF medical personnel failed to provide him with adequate medical care for his injury, violating the Eighth and Fourteenth Amendments to the United States Constitution.[1]  (Comp. 6, Count II.)  Augustin alleges that he waited three days to see any prison medical personnel, and that when he was examined, those personnel failed to properly treat his injury.  Augustin was given ice packs and Motrin for his pain, which he alleges was insufficient.  Augustin alleges that this treatment resulted in "permanent damage and excruciating pain."  (*Id.* ¶ 3.)

Third, Augustin alleges that unknown HCF medical personnel violated his constitutional rights by denying him

---

[1] "The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care." *Conn v. City of Reno*, — F.3d —, 2009 WL 2195338 *5 (9th Cir. July 24, 2009).  The Eighth Amendment's proscription against cruel and unusual punishment applies to convicted inmates, while the Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees.  *Id.*  Because Augustin is housed at HCF, usually reserved for convicted inmates, and he does not allege that he is a pretrial detainee, the Court reviews his claims under the Eighth Amendment.

3

corrective surgery or medical care, resulting in further damage, continuing pain, and suffering.[2] (Comp. 7, Count III.)

Augustin seeks compensatory and punitive damages, as well as injunctive relief requiring corrective surgery and medical care for his injury.

### III. Discussion

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Augustin alleges that Defendants' actions or inactions caused him to fall and injure himself, and then denied him adequate medical care in violation of the Eighth Amendment to the United States Constitution. In Counts II and III, Augustin sufficiently alleges the delay or denial of medical care in violation of the Eighth Amendment. As Augustin appears to recognize in his Complaint, Count I, regarding Defendants' failure to provide a rubber mat outside of the shower, is a state law negligence claim, over which this court has supplemental jurisdiction. *See* 28 U.S.C. § 1367. As such the Complaint shall be allowed to proceed. As discussed below, however, Augustin

---

[2]Augustin also makes this claim in Count II.

4

fails to state a claim against DPS and the HCF Medical Unit. Because Augustin otherwise names only Doe Defendants, the Court is unable to order the Complaint to be served at this time.

A.  Defendants DPS and HCF Medical Unit are Dismissed With Prejudice.

In addition to Doe Defendants 1-100, Augustin names the Hawaii Department of Public Safety and the Halawa Correctional Facility's Medical Unit as defendants to this action.  Augustin fails to name any specific individual who is responsible for any alleged failure to provide him with medical care.

A governmental agency that is an arm of the state, such as a state's department of corrections, is not considered a person under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  Moreover, the Eleventh Amendment confers immunity on state agencies from private damage actions or suits for injunctive relief brought in federal court.  *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding that the California Department of Corrections and California Board of Prison terms are entitled to Eleventh Amendment immunity).  Thus, the Hawaii Department of Public Safety is not amenable to suit under § 1983.

Although the Ninth Circuit has not yet explicitly held, numerous courts have similarly concluded that a prison or

correctional facility is not a "person" within the meaning of § 1983. *See, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Marsden v. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992); *Grabow v. S. State Corr. Facility,* 726 F. Supp. 537, 538-39 (D.N.J. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (D.C. Pa. 1976); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Courts have taken this analysis further and found that a prison's medical department is not a "person" within the meaning of § 1983. *See, e.g., Fischer*, 474 F.2d at 992; *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006); *Mayo v. Briody*, 2006 WL 822005, at *6 (M.D. Fla. Mar. 27, 2006); *Newby v. Fasting*, 2002 WL 31962277, at *2 (E.D. Va. Mar. 27, 2002).

This Court is persuaded by this reasoning, and finds that neither the Hawaii Department of Public Safety nor the Halawa Correctional Facility's medical department are "persons" under § 1983. Augustin's claims against these defendants fail to state a claim against them as a matter of law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

B.  Claims for Damages Against The Individual Doe Defendants in Their Official Capacities Are Dismissed With Prejudice.

The Court lacks jurisdiction over Augustin's claims for damages against the remaining individual Doe Defendants sued in their official capacities.  Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).  The individual Doe Defendants, as state prison employees, are not subject to suit for damages in their official capacities.

An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity.  *See Bank of Lake Tahoe*, 318 F.3d at 918.  Augustin also seeks injunctive relief. (Compl. 8.)  Augustin's claims for injunctive relief against the individual Doe Defendants remain at issue.  Claims for damages against the individual Doe Defendants in their official capacities are DISMISSED without leave to amend.

C.  The Remaining Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  However, when the identity of alleged defendants is not known prior to filing the complaint, the United States Court of Appeals for the Ninth Circuit has held that the

7

plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642); *see also Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (although complaint was subject to dismissal because plaintiff had not identified a defendant for service of complaint, court permitted plaintiff to amend his complaint to name a defendant for service and discovery).

Because Augustin has failed to specifically name any Defendant who is allegedly responsible for his claims, the court cannot order service of the Complaint.  Augustin is granted **forty-five days** to submit a response consisting of either (1) the name of at least one Doe Defendant, and facts showing the named defendant's involvement in Augustin's allegations, and a motion to amend the Complaint to add that defendants name, or (2) an explanation of what Augustin has done to try to learn the Doe Defendants' names, and why he has been unsuccessful.

## IV.  Conclusion

1.  Defendants the Hawaii Department of Public Safety and the Halawa Correctional Facility Medical Unit are DISMISSED with prejudice for failure to state a claim against them, pursuant to 28 U.S.C. § 1915A(b)(1).

2. Augustin is GRANTED leave to conduct early discovery to determine the name of at least one Doe Defendant, so that the Complaint can be served. Augustin is ORDERED to submit a response to this Order within **forty-five days**, as calculated from the date of this Order, consisting of: (1) the name of at least one Doe Defendant; and (2) a motion to amend the Complaint to add that defendant's name to the Complaint and detailing that defendant's specific involvement in Augustin's allegations; **OR** (3) an explanation of the steps Augustin has taken to learn the Doe Defendants names, and why he has been unsuccessful.

3. If Augustin fails to timely comply with this Order, the Court will enter an Order dismissing this action without prejudice for Augustin's failure to comply with a court order or otherwise prosecute this action. *See* Fed. R. Civ. P. 41(b).

4. The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order and submit a proposed amended complaint, if he determines the name of a Doe Defendant.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 20, 2009.



                              _____
                              Alan C. Kay
                              Sr. United States District Judge

Augustin v. Dep't of Public Safety, et al., Civ. No. 09-00316 ACK-BMK; prose attys\Screening\DMP\2009\Augustin 09-316 ACK (dsm D's)